WATERS-PIERCE OIL CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1915. On Rehearing, March 15, 1915.)

No. 2649.

On Rehearing.

CARRIERS ⬳32—RATES—REBATES—STATUTORY PROVISIONS.

Where a special tariff promulgated by a railroad company, making a rate to a point on the line of the S. Co., though filed with the Interstate Commerce Commission, was not a joint tariff fixing a joint rate, a joint rate subsequently made by the two roads and duly filed with the Interstate Commerce Commission superseded the rate previously promulgated, the rule that a rate once lawfully published continues to be the lawful rate until it has been lawfully canceled, and that a subsequent tariff naming other rates, without canceling the previous rates, cannot carry the new rates into lawful effect, having no application; and the use and acceptance of the old rate by shippers after the filing of the new rate, and after the passage of Elkins Act Feb. 19, 1903, c. 708, 32 Stat. 847 (Comp. St. 1913, §§ 8597–8599), was unlawful, a rebate being thereby given.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 83–85; Dec. Dig. ⬳32.]

In Error to the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

The Waters-Pierce Oil Company was convicted of an offense and it brings error. Affirmed.

J. D. Wilkinson, of Shreveport, La., and J. D. Johnson, of St. Louis, Mo., for plaintiff in error.

George Whitfield Jack, U. S. Atty., of Shreveport, La.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. We find no reversible error assigned or patent of record in this case. The judgment of the District Court is affirmed.

On Rehearing.

PER CURIAM. The special tariff promulgated by the Iron Mountain Railroad Company, effective December 5, 1894, making a rate from St. Louis, Mo., to Alexandria, La., of 15 cents per 100 pounds on petroleum and its products, applicable only to shipments destined to points in Louisiana on the Southern Pacific Railroad Company's lines, although filed with the Interstate Commerce Commission, was not a joint tariff fixing a joint rate; and therefore when, with the concurrence of the Southern Pacific Railroad Company, a joint rate for petroleum was made from St. Louis, Mo., to points in Louisiana upon the Southern Pacific Company's lines, effective December 22, 1896, and duly filed with the Interstate Commerce Commission, the 15-cent rate aforesaid was practically superseded and became inoperative, except, perhaps, as an arrangement to permit preferences under the joint rate in force; and while the use and acceptance of it thereafter

by shippers may not have been criminal until the passage of the Elkins Act of 1903, clearly thereafter the use of the said 15-cent rate, · operating a rebate under the only joint tariff in force, became an unlawful device or arrangement.

All of the acts charged in the 14 counts of the indictment in this case occurred after the passage of the Elkins Act and while the joint rate was the only lawful through rate, and therefore the authorities cited, showing rulings of the Interstate Commerce Commission to the effect that a rate once lawfully published continues to be the lawful rate until it has been lawfully canceled, and that a subsequent tariff naming other rates, without canceling the previous rates, cannot carry the rate into lawful effect, do not apply.

For these reasons, and as no one of the judges who concurred in the decision of this case desires a rehearing, the petition therefor is denied.